IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-82821 |
| | ) | |
| ERIC BRIAN CASTILLO and | ) | |
| DAWN LEIGH LADD-CASTILLO, | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| | ) | Filing No. 94, 118 |

ORDER

Hearing was held in Omaha, Nebraska, on June 19, 2006, regarding Filing No. 94, Motion to Distribute Insurance Proceeds, filed by debtors, and Filing No. 118, Motion to Reconsider, filed by Fremont First Central Federal Credit Union. Rebecca Abell Brown appeared for the debtors and David Mitchell appeared for Fremont First Central Federal Credit Union.

The debtors filed a Chapter 13 petition on August 20, 2004. They obtained confirmation of a Chapter 13 plan. One of the creditors is Fremont First Central Federal Credit Union ("Credit Union"). The security for the Credit Union's claim was a motor vehicle. The motor vehicle was destroyed in an automobile accident in 2006. The debtor received one check in the amount of $4,175 from the insurance carrier of the driver of the other vehicle involved in the accident. The debtors also received, by separate check, $500 from that insurance company. The debtors converted to Chapter 7 on May 8, 2006. The debt on the date of conversion was $6,671.72.

The Credit Union claims that all of the funds received from the insurance company should be paid over to it, because notwithstanding the Chapter 13 filing and the conversion to Chapter 7, its security interest remained in place both with regard to the vehicle itself and with regard to any insurance proceeds received when the vehicle was destroyed.

The vehicle was valued at $5,000 in the Chapter 13 case. The Credit Union did not file a claim or contest the $5,000 valuation. The creditor has received $2,473.66 plus interest through the Chapter 13 trustee. It is the position of the debtors that the creditor only has a right to the remaining difference between that number and $5,000, the value of the vehicle, or a total of $2,526.34.

The Bankruptcy Code in effect on the date the Chapter 13 petition was filed provided at 11 U.S.C. § 348(f)(1) that when a case under Chapter 13 is converted to another chapter, valuations of property and of allowed secured claims in the Chapter 13 case shall apply in the converted case with allowed secured claims reduced to the extent that they have been paid in accordance with the Chapter 13 plan. 11 U.S.C. § 348(f)(1)(B). That statutory provision was changed by the bankruptcy amendments which went into effect October 17, 2005. The provisions of the amended Code do not apply to cases filed prior to October 17, 2005. Therefore, the original language prevails and the debtors' position is correct.

The valuation of the vehicle is determined to be $5,000 in the Chapter 13 case. That is the

amount of the allowed secured claim. The allowed secured claim shall be reduced by the actual amount paid of $2,473.66, plus interest. The remaining amount of the allowed secured claim is $2,526.34, and that is what the debtors must pay the creditor.

The motion to reconsider is denied.

SO ORDERED.

DATED this 26th day of June 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Rebecca Abell Brown
    *David Mitchell
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.